IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JASON COLTER PALMER                                                                                          PLAINTIFF

      V.                         CIVIL ACTION NO. 2:15-CV-2097-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                                              DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The medical evidence makes clear that the Plaintiff suffers from scoliosis of the spine status post surgical correction in 2003, including the placement of a rod from the T4 level to the L2 level. In 2012, after some physical activity, he began experiencing significant pain and swelling in his thoracic spine. Although testing revealed that the hardware remained intact and stable, the orthopedic specialist, Dr. Richard McCarthy opined that the Plaintiff had a certain amount of impairment in his ability to work. Without assigning any specific limitations, the doctor stated the Plaintiff would be restricted from certain jobs due to his limited range of motion, pain, and irritation in the overlying musculature with movement caused by the existing hardware.

Relying on the RFC assessments of only non-examining physicians the ALJ concluded the Plaintiff could perform a full range of light work. However, the ALJ did so without the benefit of a consultative exam or an RFC assessment from an examining source. Accordingly, given the nature of the Plaintiff's impairment and Dr. McCarthy's statement concerning limitation in his ability to perform work, the Court finds that remand is necessary to allow the ALJ to develop the record further regarding the Plaintiff's RFC.

On remand, the ALJ is directed to recontact Dr. McCarthy and ask him to complete an RFC assessment. If Dr. McCarthy is unwilling or otherwise unable to complete said assessment, then the ALJ is directed to order a consultative orthopedic examination complete with an RFC assessment. The ALJ should then reconsider the Plaintiff's RFC in light of this new evidence.

IT IS SO ORDERED AND ADJUDGED on this the 26th day of July, 2016.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE