IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JASON COLTER PALMER                                                                PLAINTIFF


v.                         CIVIL NO. 2:15-cv-2097MEF


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF Nos. 16, 17. The matter is before the undersigned by consent of the parties. ECF No. 5.

**I.    Background:**

On October 24, 2016, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $5,396.79 representing a total of 22.10 attorney hours for work performed in 2015 at an hourly rate of $187.00, 6.60 attorney hours for work performed in 2016 at an hourly rate of $188.00, and $23.29 in postage expense. ECF No. 16, 17. On November 2, 2016, the Commissioner filed a response objecting to the number of attorney hours for which the Plaintiff seeks compensation. ECF No. 18. Plaintiff filed a reply on November 21, 2016, contending that she is entitled to compensation for all of the time requested. ECF No. 19.

**II.   Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially

justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The EAJA requires an attorney seeking fees to submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case, the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983). Further, the Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992)

("although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

### III.  Discussion:

In the present action, Plaintiff's case was remanded by this Court pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA. ECF No. 16. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

#### A.  Administrative Tasks:

The Defendant objects to 2.20 attorney hours expended between May 5, 2015, and May 13, 2015, for a complete review of the file to determine if an appeal is warranted, a telephone call with the Plaintiff regarding his appeal and scheduling an office visit, a telephone call with the client rescheduling his office visit, and an office visit with the Plaintiff at which time the appeal process was explained to him and all of the case initiation paperwork was drawn up and signed. Citing *Pray v. Astrue*, 2011 WL 6937603, *2 (W.D. Ark. December 2, 2011) (finding certain tasks to be administrative in nature), Defendant contends that Plaintiff's attorney is not entitled to recover EAJA fees for any hours of work performed before a district court action begins. We disagree. An attorney is expected to be familiar with her case prior to filing a complaint in federal court. At the very least, this will require her to review notes from the administrative proceedings, communicate with his client regarding the appellate process, determine whether his client is a candidate for *in forma pauperis*, and prepare the complaint for filing with the court.

**B.    Clerical Tasks:**

Defendant also objects to a total of 1.95 attorney hours, arguing that the tasks performed were clerical in nature and did not require any legal expertise. ECF No. 19. We are governed by *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987), which held that work which could have been completed by support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

After reviewing counsel's itemization of time and the Defendant's objections, the undersigned finds that the following tasks are purely clerical in nature and not compensable under EAJA: receiving and reviewing NEFs confirming the filing of the Cover Sheet, Complaint, Summons, Motion to Proceed *In Forma Pauperis*, and proof of service and the telephone call from the court clerk's office. Further, counsel's separate notification of contact phone number for oral argument filed two weeks after her request to appear via telephone will not be compensated, as this information could and should have been included in the motion to appear via telephone conference.

I find the Plaintiff is entitled to compensation for the telephone call from the defendant requesting agreement to reschedule oral argument, reviewing the defendant's unopposed motion to continue, receiving and reviewing correspondence regarding rescheduling oral argument, receiving and reviewing the order granting motion to appear via telephone, and the order rescheduling argument. Counsel is expected to be involved in the preparation of the case commencing documents, and to review all orders and correspondence filed in the case.

I also find that counsel is entitled to nominal time for the following tasks: preparing and signing the service letters, reviewing the scheduling order, reviewing the order scheduling oral

argument, and preparing a motion to appear via telephone conference. These are routine, one-page documents that should take an attorney nominal time to review and/or prepare.

Accordingly, Plaintiff's award will be reduced to 21.30 attorney hours for work performed in 2015 and 6.30 attorney hours in 2016.

### B.  Payment of EAJA fees:

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. In keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

### IV.  Conclusion:

Based upon the foregoing, the undersigned awards the Plaintiff attorney fees under the EAJA in the amount of **$5,190.79** for 21.30 attorney hours for work performed in 2015 at an hourly rate of $187.00, 6.30 attorney hours for work performed in 2016 at an hourly rate of $188.00 and $23.29 in postage expense. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are further reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Dated this 17th day of March, 2017.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE